HARMON D. WILSON and MARIA C. WILSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilson v. Commissioner
Docket No. 13693-78.
United States Tax Court
T.C. Memo 1981-441; 1981 Tax Ct. Memo LEXIS 302; 42 T.C.M. (CCH) 787; T.C.M. (RIA) 81441; August 20, 1981. Harmon D. Wilson, pro se. Irene Scott Carroll, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION
*303 TANNENWALD, Chief Judge: Respondent determined a deficiency in petitioner's 1975 Federal income taxes of $ 2,353. We must determine whether petitioners are entitled to deductions for alleged medical expenses pursuant to section 213 [1] as well as for certain business expenses pursuant to section 162. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, timely filed their joint Federal income tax return for the year in dispute with the District Director of Internal Revenue at Fresno, California. At the time they filed their petition in this case, petitioners resided in Fountain Valley, California. Maria Wilson (Mrs. Wilson) has suffered ill health since at least 1972, some of which is attributable to acute episcleritis. In an attempt to aid his wife, Harmon Wilson (Mr. Wilson) began attending medical lectures. In addition, Mr. Wilson became interested in the Shaklee corporation, *304 a wholesale distributor or manufacturer of various household products including raw and organic foods and vitamin supplements. Petitioners eventually became "members" of the Shaklee hierarchy, and they sold Shaklee products to consumers and retail salespersons. Petitioners' Shaklee activity has never turned a profit, and in 1975, petitioners reported from this activity gross income of $ 1,444.09 and offsetting deductions of $ 10,215.67. Sometime during 1975, Mr. Wilson became interested in "reflexology," a technique of foot massage. He attended a seminar on "reflexology" and was "certified" as having completed this seminar. Mr. Wilson's original reason for studying "reflexology" was to help Mrs. Wilson with her medical problems. During 1975, Mr. Wilson received approximately $ 100 for performing foot massages on third parties, although he did not report this amount as gross income, and he spent $ 365.58 on books and periodicals related to his study of "reflexology" in 1975. Mr. Wilson did not hold himself out to others as being a professional "reflexologist" available for hire and did not engage in "reflexology" with an intention of making a profit. OPINION Petitioners *305 seek to deduct $ 2,966 pursuant to section 213 as funds allegedly spent on medical care for Mrs. Wilson, $ 8,771.58 pursuant to section 162 as ordinary and necessary expenses allegedly incurred in carrying on their Shaklee activity, [2] and $ 365.58 pursuant to section 162 as ordinary and necessary expenses incurred by Mr. Wilson in carrying on his "reflexology" activities. The burden of proof as to both the amount of the expenditures as well as their deductibility is on petitioners. Rule 142(a). We hold that petitioners have failed to carry their burden. Petitioners introduced no probative documentary evidence beyond their tax return which might support their claimed medical deduction, although plainly cancelled checks or copies of bills and invoices should have been available. Petitioners' only supporting evidence [3] was the testimony of Mr. Wilson, yet he could only categorically affirm that the information on his Federal income tax return was *306 correct -- he had little or no memory of any specific items. As far as the tax return is concerned, it is insufficient to substantiate the claimed deduction. ; , affd. . *307 Nor are we in a position to grant petitioners some relief by way of estimating an amount of medical expenses paid. See ; . We have been given no probative evidence that any amounts were spent for medical care, or that if there were such expenditures, that they were for deductible items (see note 3 supra). Thus, a deduction based on an approximation would be inappropriate. . Further, petitioners have failed to take into account section 213(a)(1) which only permits a deduction for medical expenses to the extent that such expenses exceeded 3 percent of the taxpayer's adjusted gross income. Similarly, petitioners have wholly failed to prove that they made any deductible expenditures incidental to their Shaklee activity. Thus, assuming arguendo that such activity constituted a trade or business during 1975 within the meaning of section 162, see, e.g., ; , *308 affd. , petitioners have still failed to prove their entitlement to any deduction. [4] The harshness of petitioners' failure of proof on this issue is mitigated somewhat by respondent's concession. See note 2 supra. The last issue for decision is whether petitioners may deduct the expenses incurred by Mr. Wilson in connection with his activity as a "reflexologist." [5] We have found as facts that Mr. Wilson did not have a profit motive with respect to this activity and that he did not hold himself out as a commercial "reflexologist." Since a genuine profit motive on the part of the taxpayer is an essential component of a "trade or business," see ; , we hold that Mr. Wilson's "reflexology" activity did not constitute a "trade or business" within the meaning of section 162, *309 cf. , and therefore his expenses incidental to that activity are nondeductible. See also section 262. [6]
Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. Unless otherwise indicated, all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent has conceded that petitioners may deduct an amount equal to the gross income reported by petitioners as attributable to their Shaklee activity. The $ 8,771.58 is the excess of those deductions which is in dispute.↩
3. Petitioners introduced a letter from one "Robert N. Yamasaki, D.D.S.," stating that Mrs. Wilson was a patient of his from "1-1972 to 12-79." It does not say whether any payments were made in 1975, nor even if services were rendered and billed. In addition, petitioners introduced a letter from the "Hovey Chiropractic Offices" declaring that Mrs. Wilson was advised to follow "a recommended nutritional program to aid in the correction of her condition and as a maintenance program for life." Not only was this letter written in 1980 (and it does not refer to any earlier date), but it does not by its terms contain sufficient information to suggest that a medical deduction, even if substantiated, would be allowable. See . Petitioners sought to introduce additional evidence on brief. That cannot be done. Rule 143(b).↩
4. Petitioners had difficulties in obtaining proof from third parties and to their claimed business expenditures, but such difficulties do not relieve them of their burden of proof. .↩
5. Respondent conceded at trial that the amount of these expenditures was $ 365.58. ↩
6. Petitioners have not argued that these items are deductible under any other provision of the Internal Revenue Code. Respondent has not sought an increase in deficiency despite Mr. Wilson's admission at trial that he failed to report some amount (though less than $ 100) of gross income from this activity, presumably because of section 183(b)(2).↩